In the Matter of the Claim of KATIE WHITTAKER, Respondent, against A. RATNER & COMPANY and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and its insurance carrier had appealed from an award of death benefits in favor of the widow of the deceased employee. The State Industrial Board found that on March 29, 1937, while engaged in the regular course of his employment, the deceased employee suffered an unusual strain in lifting pails of hot tar which caused him to suffer an acute cardiac condition which resulted in his death. The Board also found that on the day of the accident decedent was performing work of a more strenuous nature than for many years prior thereto and that he had never performed work of that nature before. The evidence sustains the finding of the State Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of GUSTAVE FERBERT, Respondent, against ALBANY PACKING Co., INC.. and GREAT AMERICAN INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by employer and insurance carrier from an award for permanent loss of use of claimant's left eye and protracted temporary total disability. A question of fact is presented and there is competent evidence to support the findings of the State Industrial Board. The award should be affirmed. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of LEONARD DeMARCO and MRS. DONATO DeMARCO, Respondents, against TOWNSEND MACHINE CORPORATION and GREAT AMERICAN INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award for death benefits. Decedent, while engaged in the course of his employment, sustained an accident which caused a fracture of his eighth rib on the right side. Several weeks later a pleuritic rub developed, and later bronchial pneumonia set in, from which he died. There is medical testimony to the effect that the pneumonia was due directly or indirectly to the accident. There is also medical testimony to the contrary. Only a question of fact was presented and we may not weigh the evidence. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of ROBERT HARRIS, Respondent, against ANDREW J. WHITE and ROYAL INDEMNITY COMPANY, Appellants. SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Award for schedule loss of eighty per cent of the use of the left foot. This award was made in 1940. In 1926 an award fixed the loss of use at fifty per cent. Appellant contends that the increased award should be made against the Special Fund. The State Industrial Board has found, and the finding is sustained, that up to 1940 the physician of the employer rendered medical services to the claimant which were in the nature of compensation. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.